JOHN M. DODD AND ALEXANDER M. ROSS, Respond-
ents, v. EDWARD DREYFUS, Appellant.

*When a retiring partner becomes a mere surety for the firm debts — in such case
he is released by an extension of the time of their payment by the creditor — e. g.
— taking notes payable in futuro.*

Appeal by the defendant Edward Dreyfus from a judgment
in favor of the plaintiff, entered against him by direction of the
judge at the circuit, for $2,312.66. The action was brought to
recover rent due to the plaintiff.

The court at General Term said: "Although the articles of
partnership were excluded, yet the evidence which was received,
without objection, clearly shows that such partnership did exist
between the defendant Edward Dreyfus and M. J. & S. M. Hyatt,
for the manufacture of lime in the county of Ulster, and that the
same was dissolved, and that the defendant Dreyfus retired from
the business, which was continued by the Hyatts, who assumed
the payment of the debts of the old firm, including the rent
which was due to the plaintiffs. The evidence shows that the
plaintiffs had knowledge of the foregoing facts. A new lease was
executed by the plaintiffs to the Hyatts of the same premises, and
the latter gave to the plaintiffs a note for $3,400, for the rent
which had become due, which was indorsed by one Benedict
Dreyfus, upon which note there was paid $1,400, and a new note
taken by the plaintiffs for the balance $2,000, which was executed
June 28, 1875, payable one month after its date. We do not
perceive, from the evidence, that the defendant, Edward Dreyfus,
was at the time aware of the arrangement by which the notes
were executed to secure the payment of the rent. The accept-
ance of such notes, under the circumstances, had the effect to

extend the time for the payment of the rent, and that too, it would seem, without the knowledge and consent of Edward Dreyfus. The dissolution of the partnership, and the retirement of Edward Dreyfus, and the assumption by the Hyatts of the debts of the old firm, constituted Edward Dreyfus merely a surety for the payment of such debts, including the rent in question, and the extension by the plaintiffs of the time for the payment of such rent, with a knowledge of all the circumstances, and without the consent of Edward Dreyfus, had the effect to discharge his liability for such rent. (*Millerd* v. *Thorn*, 56 N. Y., 402; *Colgrove* v. *Tallman*, 67 id., 95.)"

*Blumenstiel & Ascher*, for the appellant. *A. J. Vanderpoel*, for the respondents.

Opinion by INGALLS, P. J. ; POTTER, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.